371 P.2d 586

STATE of Arizona, Appellee,

v.

William LANGLEY, Appellant.

No. 1217.

Supreme Court of Arizona,

In Division.

May 23, 1962.

Alan Philip Bayham, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., and Stirley Newell, Asst. Atty. Gen., for appellee.

UDALL, Vice Chief Justice.

Appellant, William Langley, was jointly tried and convicted of robbery with James Black and A. D. Allison. The facts of this case, being unnecessary to an understanding of its disposition herein, will not be stated. For appellant here contends only (1) that certain remarks made by the county attorney in his closing argument to the jury were improper and (2) that the trial judge committed reversible error in not instructing the jury to disregard the remarks complained of.

Specifically appellant alleges that the county attorney asked the jury to "place yourself in the position of these witnesses." This alleged statement of the county attorney was not included within the reporter's transcript except insofar as it was repeated by counsel for defendant in objecting[1] to the court out of the hearing of the jury. The transcript does reflect, how-

---

1. The objection was evidently made with reference to the rule obtaining in civil cases that arguments to jurors suggesting they place themselves in the position of one of the parties are normally improper. See generally Annot. 70 A.L.R.2d 935 (1960).

ever, the following statements of the trial judge to counsel:

"The Court doesn't know verbatim what was said, but the Court is going to admonish counsel to confine the argument to evidence in the case."

and then to counsel and the jury:

"Ladies and gentlemen, arguments or statements by counsel are not evidence and not to be considered by you as evidence except as I have heretofore stated to you * * *. You may proceed with your argument. Confine what argument you have to the particular evidence that has been adduced from the witness stand."

 This court will consider and review only those matters appearing in the records of the trial court. State v. Vallejos, 89 Ariz. 76, 81, 358 P.2d 178, 181 (1960). "Since the words of the county attorney in his argument were not stenographically reported * * * we cannot say that the argument was not proper." Duarte v. State, 48 Ariz. 356, 363, 61 P.2d 1015, 1017 (1936). Accord, Sullivan v. State, 47 Ariz. 224, 237, 55 P.2d 312, 317 (1936).

Upon examining the entire record we find no fundamental error and the conviction is accordingly affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.