428 P.2d 691

**STATE of Arizona, Appellee,**
**v.**
**Norman B. LINDSAY, Jr., Appellant.**
**No. 1 CA–CR 91.**

Court of Appeals of Arizona.
June 13, 1967.

Rehearing Denied July 24, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

McGillicuddy, Johnson, Rich & Robbins, by Chris T. Johnson, Phoenix, for appellant.

CAMERON, Chief Judge.

This is an appeal from an order denying defendant's motion for a rehearing on revocation of probation and sentence, the motion being made upon the grounds that the defendant was denied his right to counsel at the time of the hearing upon revocation of probation.

We are called upon to determine whether under the particular circumstances of this case the trial court abused its discretion in not allowing defendant's motion.

The facts as presented by the record before us are as follows. Defendant entered a plea of guilty to the drawing of checks on insufficient funds, and on 29 January 1965 judgment of guilt and order for probation was filed. Imposition of sentence was suspended by the trial court for a period of four years. Thereafter a hearing was held 13 January 1966 for revocation of probation, and at that hearing defendant's probation was revoked and the defendant received a sentence of from two to four years in the State Prison. The minute entry of 6 January 1966 reads:

"*Order* continuing to Jan. 13, 1966 at 1:30 p. m. in Div. 7."

The minute entry of 13 January 1966 reads as follows:

"State represented by Blake Willis.

"Defendant is present and waives presence of his attorney.

"THE COURT FINDS that the interest of justice require and FINDS that defendant has not lived up to the conditions of his probation and is sentenced to the Arizona State Prison for a term

of not less than 2 nor more than 4 years; sentence to run from November 30, 1965. * * *"

Thereafter the attorney for the defendant on 7 February 1966 filed a motion for rehearing on the revocation of probation and sentencing on the grounds that defendant was "denied his right to counsel" and supported said motion with an affidavit of the attorney which reads in part as follows:

"4. That sometime prior to the 13th day of January, 1966, the date set for hearing on revocation of probation, the said NORMAN B. LINDSAY, JR. retained your Affiant, WILLIAM H. RODWOOD, an Attorney-at-Law, to represent him at said hearing. Affiant was paid the sum of THREE HUNDRED and NO/100 DOLLARS ($300.00) to perform this service, and your Affiant had several lengthy conversations in the Maricopa County Jail with said NORMAN B. LINDSAY, JR., in preparation for said hearing.

"5. That your Affiant was notified of the date and time of said hearing on revocation of probation by the probation officer of Division #7, Mr. Charles Schmidt. That a few days prior to the date set for hearing, Mr. Schmidt assured your Affiant that the hearing would be continued for the purpose of allowing some pending misdemeanor charges against Mr. Lindsay to be determined and that there would be no need for your Affiant to be present at the time set. That your Affiant was for that reason not present at the time set for hearing on the revocation of probation.

"6. That the said Mr. Lindsay did not waive his right to counsel at the time of sentencing; indeed, he had expended a considerable sum solely to have counsel at that hearing. That your Affiant had discussed said hearing with Mr. Schmidt prior to its occurrance (sic), and Mr. Schmidt was well aware that Mr. Lindsay

had obtained counsel to represent him at said hearing."

No controverting affidavit was filed and there is no transcript of any testimony which may have been presented to the court. The court on 8 March 1966, by minute entry, made the following order:

"THE COURT FINDS that at the time of revocation and sentencing in open Court, the defendant was specifically asked by the Court if he desired the presence of his attorney and the defendant unequivocally and voluntarily waived the presence of his attorney, and;

"IT FURTHER APPEARING to the Court that no request for a continuance of the sentencing had been made either by the defendant or his attorney, and the sentencing having been regularly set and on the calendar prepared by the County Attorney, and no purpose in fact existing for a continuation of said defendant on probation, and;

"IT FURTHER APPEARING to the Court that at the time originally set for sentencing by the Court on defendant's plea of guilty, at which time defendant was put on probation, the defendant and his counsel bothe (sic) were present in Court,

"IT IS ORDERED denying defendant's motion for review and rehearing."

■ We are called upon to determine whether, under the peculiar facts in this case, the court erred in not granting the defendant's motion for rehearing upon the revocation of probation. The record before this Court is very meager, and it has been stated repeatedly that the appellate court will consider and review only those matters which appear in the record before it and will not consider those matters not properly supported by the record. State v. Pearson, 98 Ariz. 133, 402 P.2d 557 (1965), Dodd v. United States, 321 F.2d 240 (9 Cir., 1963), State v. Langley, 91 Ariz. 228, 371 P.2d 586 (1962). This Court has previously stated that minutes of the trial court speak for themselves and are

to be taken as speaking the truth. We, therefore, have no difficulty in the instant case in finding that the defendant waived counsel on 13 January 1966.

■ However, the affidavit of the attorney for the defendant is also uncontroverted and there is nothing in the record before this Court which would indicate any fact basis from which the activities of the probation officer for Division 7 as set forth in the affidavit can be explained. The minute entry of the court in denying the motion for rehearing is silent as to this allegation in the affidavit.

Under these circumstances, despite the fact that the defendant had waived presence of counsel at the time of his hearing, we feel that it was error for the court not to allow a rehearing on defendant's revocation of probation based on the uncontroverted affidavit before the court. We feel that under the uncontroverted facts set forth in the affidavit, defendant's counsel was justified in not appearing at the time, and the court was in error in not allowing a rehearing.

■■ The law is clear that the accused is entitled to counsel at the time of sentencing and this applies also to a hearing on revocation of probation. Also, we agree that the defendant may waive his right to counsel at the time of the sentencing. Lee v. State, 99 Ariz. 269, 408 P.2d 408 (1965), Johnson v. State, 4 Ariz.App. 336, 420 P.2d 298 (1966).

Our Supreme Court has stated, however:

"If there is any one time that a defendant on a criminal charge may be in need of an attorney to speak in his behalf or to advise him of his legal rights it can well be at the time of sentencing." Lee v. State, 99 Ariz. 269, 408 P.2d 408 (1965).

Pronouncement of judgment is a critical stage in the criminal prosecution, and it is evident that counsel is necessary at the time of sentencing. Pina v. State, 100 Ariz. 47, 410 P.2d 658 (1966); Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966).

It does not bespeak of an intelligent waiver to employ counsel at an alleged fee of $300 and because of counsel's failure to appear at the hearing to innocently decide that counsel is not necessary or that the money spent is not valuable for the protection of his rights. It has been stated:

> " 'The right to effective assistance of counsel at the sentencing stage of the proceeding is guaranteed by the constitution.' (citations omitted) Mere presence of counsel is not enough. At sentencing there is a 'real need for counsel. * * * Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of defendant's conduct; to correct any errors or mistakes in reports of defendants' past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws.' (citations omitted) * * * Although on allocution the defendant may 'with halting eloquence, speak for himself,' (citations omitted) nevertheless, his counsel 'is often better able than defendant himself to bring before the court statements concerning defendant, his prior record, his family, his environment, and facts germane to the mitigation of his punishment.' (citations omitted)" O'Dell v. United States, D.C. App., 221 A.2d 443 (1966).

For the reasons stated, the matter is reversed and remanded to the trial court for rehearing upon the revocation of probation and sentencing, if indicated, in the presence of counsel.

DONOFRIO, J., concurs.

STEVENS, Judge (dissenting):

I regret that I cannot concur with the ultimate conclusion reached by the majority. I agree that the record supports the solemn declaration and finding of the trial court that the defendant "unequivocably and voluntarily waived the presence of his attorney." This was his right and privilege. I would affirm.