475 P.2d 476

Allen GANTT, Jr., Appellant,

v.

Frank A. EYMAN, Warden, Arizona State Prison, Appellee.

No. 9639.

Supreme Court of Arizona, In Banc.

Oct. 15, 1970.

withdrew his previous pleas of not guilty to the five charges and entered pleas of guilty to each charge. On March 25, 1964, appellant appeared, without counsel, for sentencing. Appellant was sentenced to five to ten years on each of the three counts in Cause No. 43546 the terms running consecutively. In Cause No. 43666 appellant was sentenced to five to ten years on each of the two counts with these sentences to run concurrently with Counts II and III, respectively, of Cause No. 43546.

On October 16, 1968, appellant petitioned for a writ of habeas corpus in the Superior Court of Pinal County. In his petition appellant alleged that he was without counsel at the time of sentencing and that he had not intelligently waived counsel; that the sentencing orders were ambiguous; and that he had satisfied the sentences imposed. Appellant's petition was denied as was his subsequent motion for rehearing. It is this denial of his petition for a writ of habeas corpus from which appellant is appealing.

It is well settled in this state that an accused is entitled to counsel at the time of sentencing unless the accused has waived counsel. Martin v. Eyman, 102 Ariz. 341, 429 P.2d 660 (1967); Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966); Pina v. State, 100 Ariz. 47, 410 P.2d 658 (1966). In Lee v. State, 99 Ariz. 269, 408 P.2d 408 (1965) we held:

"While there is sharp conflict in authorities as to whether the presence of counsel for an accused is necessary at the time of sentence, we think the better rule is that when counsel has not been waived the absence thereof invalidates the sentence. In re Boyce, 51 Cal.2d 699, 336 P.2d 164. If there is any one time that a defendant on a criminal charge may be in need of an attorney to speak in his behalf or to advise him of legal rights it can well be at the time of sentencing." 99 Ariz. at 270, 408 P.2d at 409.

Stanfield, McCarville, Coxon & Briggs, Casa Grande, for appellant.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

HAYS, Justice.

On January 14, 1964, appellant Allen Gantt, Jr., was charged with three counts of robbery in Cause No. 43546. Subsequently, on January 31, 1964, appellant was charged with two counts of robbery in Cause No. 43666. Appellant appeared before the trial court with his attorney and

See also: State v. Cuzick, 97 Ariz. 130, 397 P.2d 629 (1964); State v. Arce, 6 Ariz.App. 241, 431 P.2d 681 (1967); State v. Lindsay, 5 Ariz.App. 516, 428 P.2d 691 (1967); Johnson v. State ex rel. Eyman, 4 Ariz.App. 336, 420 P.2d 298 (1966).

■ The question in the instant case is whether appellant voluntarily and intelligently waived his right to have counsel present at his sentencing. The minute entry from the sentencing in Cause No. 43546 states that defendant (appellant) is "present without counsel and waives the presence of counsel." Likewise, the minute entry from the sentencing in Cause No. 43666 states: "Let the record note the presence of the defendant who waives the presence of his attorney." Appellant does not deny the correctness of the minute entries but urges in his brief that:

> "There is nothing further reflected in the minutes concerning the waiver of counsel, and the record is not clear as to the extent of the court's inquiry to determine if Appellant intelligently and judiciously waived the presence of counsel at the time of the sentencing."

Thus, the question narrows to whether the above quoted language from the minute entries is sufficient to establish a voluntary and intelligent waiver. We find under the circumstances of this case that it does. It is the opinion of the Court, however, that the better practice would be for the trial judge to set forth in the minutes the specific inquiry made to assure that the accused's waiver is voluntarily and intelligently made.

■ Appellant's next contention is that the sentencing orders are ambiguous. A reading of the sentencing order in Cause No. 43546 reveals no ambiguity:

> "And It Is the sentence of this Court that on Count I, the defendant be re-

manded to the custody of the sheriff and incarcerated in the Arizona State Prison for a term of not less than five (5) nor more than ten (10) years.

As to Count II, it is the sentence of this Court that the defendant be remanded to the custody of the sheriff and incarcerated in the Arizona State Prison for a term of not less than five (5) nor more than (10) years, said sentence in Count II shall run consecutively with the sentence imposed in Count I.

As to Count III, it is the sentence of this Court that the defendant be remanded to the custody of the sheriff and incarcerated in the Arizona State Prison for a term of not less than five (5) nor more than ten (10) years.

It Is Further Ordered that the sentence on Count III shall run consecutively with the sentences imposed on Count I and Count II."

We do, however, agree with appellant that the sentencing order in Cause No. 43666 is ambiguous as to the date the sentences in that order are to commence. It is not necessary, however, for this Court to go into this matter because this ambiguity will not affect the length of time appellant must serve in prison since the sentences imposed under this cause are to run concurrently with the sentences imposed in Cause No. 43546.

■ Finally, this Court finds no merit in appellant's contention that he has satisfied the sentences imposed. The judgment of the trial court denying appellant's petition for writ of habeas corpus is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, and McFARLAND, JJ., concur.