492 P.2d 1199

**The STATE of Arizona, Appellee,**
v.
**Allen GANTT, Jr., Appellant.**
**No. 2332.**

Supreme Court of Arizona,
In Banc.
Jan. 27, 1972.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Allen Gantt, Jr., in pro. per.

CAMERON, Vice Chief Justice.

This is an appeal from a sentence of the trial court of five to ten years imprisonment on each of two counts of robbery, § 13–641 and § 13–643 A.R.S., said sentences to run concurrently with each other, and concurrently with Count I of three counts of robbery also for five to ten years in Cause No. 43546, Maricopa County.

We are asked to determine:

1. whether the resentencing constituted double jeopardy under the Fifth Amendment of the United States Constitution and Art. 2, § 10 of the Arizona Constitution, A.R.S.,

2. whether the sentence on two counts in the same information violated § 13–1641 A.R.S., and

3. whether the plea was proper under Boykin v. Alabama.

The facts necessary for a determination of this matter on appeal are as follows. On 8 January 1964, the defendant was charged with two counts of robbery, § 13–641 and § 13–643 A.R.S., which occurred on the 28th day of December 1963. Defendant entered a plea of guilty in the Superior Court of Maricopa County to which he was sentenced to five to ten years on each count, the court ordering:

"IT IS FURTHER ORDERED that as to Cause No. 43666 that the sentences imposed in these counts shall run concurrently with Counts II and III of Cause 43546.

"IT IS FURTHER ORDERED that the sentences herein shall commence to run as of the incarceration of the Defendant at Arizona State Prison."

Although represented by counsel at the time that he entered his plea of guilty, defendant's counsel was not present at the time of the sentencing. Defendant appealed and the judgment of guilt was affirmed by this court. Gantt v. Eyman, 106 Ariz. 294, 475 P.2d 476 (1970). Thereafter petitioner sought relief in the Federal District Court for the District of Arizona and the Federal District Court concluded that the defendant should be resentenced with counsel present. Gantt v. Eyman, CIV 70–662. On 14 May 1971, the defendant, with counsel present, was resentenced by the court making the following comments:

"* * * the Court confirms the prior judgments of guilt in all counts in cause number 43546 and 43666 as previously entered by this Court of March 25th, 1964, to the crimes as follow, as to cause number 43546: Count one, robbery, a felony, count two, robbery, a felony, and count three, robbery, a felony, and cause number 43666, count one, robbery, a felony, and count two, robbery, a felony. The Court determines that it has discretion in the sentence that it may impose at this time and I have considered the matters presented by Counsel and the State and all of the relevant information at the disposal of this Court, which was considerable, and I have also considered the fact that your sentence will be considered under the new statutes by the authorities at the Arizona State Prison in terms of when you are entitled to have a hearing on parole, which is different than under the old statute. * * *

* * * * * *

"Cause number 43666, as to count one, it is ordered that you be sentenced to incarceration in the Arizona State Prison, at Florence, Arizona, for a term of not less than five nor more than 10 years, said sentence to run concurrently with the said sentence in count one of cause number 43546.

"As to count number two, in cause number 43666, it is ordered that you be sentenced to incarceration in the Arizona State Prison, at Florence, Arizona, for a term of not less than five nor more than 10 years, said sentence to run concurrently with the sentence in count one of cause number 43546.

"It is further ordered that you shall be credited on these sentences as just pronounced by this Court with the time you have already served under the prior in-

valid sentences made on March 25th, 1964, including the new effective date of your sentence, and including the time in which you were released to the Maricopa County Sheriff to be brought before this Court for sentencing."

After questioning by counsel concerning the sentence, the court stated:

" * * * Let it be no misunderstanding, it is the intention of the Court that he receive credit for any good time that he received. Therefore, the prior order of this Court that he be given credit for time served shall be amended to include time already served, including good time."

## DOUBLE JEOPARDY

 We are not concerned herein with the judgments of guilt, these having been affirmed by this court in Gantt v. Eyman, supra. We are concerned only with the resentencing and whether or not it constituted double jeopardy as the defendant contends.

The United States Supreme Court has stated:

"The court has held today in Benton v. Maryland [395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707] (citations omitted) that the Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L. L.Ed.2d 656, 664, 665 (1969).

In the instant case, the defendant has not been given a new and additional sentence in addition to the one previously given, or increased punishment in addition to the punishment previously received. Actually, the defendant has benefited by the resentencing in that the time within which his sentence was to commence under the original sentencing was to be the time he was delivered to the Arizona State Prison which was in April of 1964. By the resentencing, the effective date of the sentencing was moved back to January 1964, in effect, shortening his sentence. The trial court, on resentencing, ordered that he was to receive credit for good time and double time already served. Also, the two sentences are to be served concurrently with each other and also concurrently with Count I in Cause Number 43546, making it clear that the sentences are not consecutive to Count I in Cause Number 43546, as indicated in the first sentencing. Defendant has not shown wherein the double jeopardy provision of the United States and Arizona Constitutions apply to the facts of this case and we perceive none.

## · VIOLATION OF § 13–1641 A.R.S.

 Defendant contends that he has been sentenced contrary to § 13–1641 A.R. S. which reads:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Defendant argues that the two counts were of one and the same offense and therefore he should have been convicted of only one count instead of two. This is not timely raised. State v. Pierson, 107 Ariz. 386, 489 P.2d 23 (1971). It is noted, however, that a review of the record shows that the defendant was charged with the robbing of two different people, one Del M. Patton in Count I, and in Count II, one Max Blankston, and that he plead guilty to these two counts. Even though the two offenses may have occurred at approximately the same time and location, there were two different robbery victims, and two separate crimes. State v. Andrews, 106 Ariz. 372, 476 P.2d 673 (1970).

## WAS THE PLEA PROPER?

■ This matter is also untimely raised. We note, however, that this case occurred before the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which is not retroactive. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). The defendant in the instant case was represented by counsel and upon counsel's advice plead guilty. We see no error and the defendant has shown none. See State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971).

The defendant in the instant case has had his judgment affirmed on appeal to this court, and sought relief in the federal court wherein it was determined that he should be resentenced with counsel present. He was resentenced and we find no irregularity in the resentencing and no violations of his rights therein.

The sentences imposed are therefore affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.