**428**

501 P.2d 12

The STATE of Arizona, Appellee,

v.

Allen GANTT, Jr., Appellant.

No. 2333.

Supreme Court of Arizona,
In Banc.

Sept. 20, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Allen Gantt, Jr., in pro. per.

CAMERON, Vice Chief Justice.

This is an appeal by the defendant from resentencing by the Maricopa County Superior Court in Cause No. 43546.

Although the defendant raises many questions in his pro per brief, we feel that only the question of his resentencing is before the court.

Defendant was charged on 14 January 1964 with three counts of robbery in Cause No. 43546, and on 31 January 1964 with two counts of robbery in Cause No. 43666. The two causes were consolidated for plea purposes. Defendant, with counsel present, entered pleas of guilty as to all five charges, and on 25 March 1964 defendant was sentenced to 5 to 10 years on each of the three counts in Cause No. 43546, the terms to run consecutively; and 5 to 10 years on each of the two counts in Cause No. 43666, each of these sentences to run concurrently with Counts II and III of Cause No. 43546.

Four years later defendant petitioned the Superior Court of Pinal County for a writ of habeas corpus. Defendant's petition was denied and defendant appealed to this court which affirmed his sentence. The court affirmed stating:

"* * * We do, however, agree with appellant that the sentencing order in Cause No. 43666 is ambiguous as to the date the sentences in that order are to commence. It is not necessary, however, for this Court to go into this matter because this ambiguity will not affect the length of time appellant must serve in prison since the sentences imposed under this cause are to run concurrently with the sentence imposed in Cause No. 43546." Gantt v. Eyman, 106 Ariz. 294, 296, 475 P.2d 476, 478 (1970).

Thereafter the defendant sought relief in the Federal District Court of the District

of Arizona at which time the Federal District Court concluded that the defendant should be resentenced with counsel present and that any ambiguity could be resolved at that time. Gantt v. Eyman, CIV 70–226 (Phx. WPC). Thereafter on 14 May 1971 the defendant, with counsel present, was resentenced. The court stated:

" * * * Therefore, as punishment for these crimes as to count one in cause number 43546, it is ordered that you be sentenced to incarceration in the Arizona State Prison at Florence, Arizona, for a term of not less than five nor more than 10 years. This sentence shall be effective and begin to run as of January 5th, 1964. That moves the date up from when it was previously.

"As to count two in cause number 43546, it is ordered that you be sentenced to incarceration in the Arizona State Prison at Florence, Arizona, for a term of not less than five nor more than 10 years. Said sentence to run consecutively with the sentence in count one, cause number 43546, and shall commence to run upon completion of the sentence imposed in count one of cause number 43546.

"As to count three in cause number 43546, it is ordered that you be sentenced to incarceration in the Arizona State Prison, Florence, Arizona, for a term of not less than two nor more than five years, said sentence to run consecutively with the sentence in count two of cause number 43546, and shall commence to run upon completion of the sentence imposed in count number one and then the sentence imposed in count number two.

\* \* \* \* \* \*

"It is further ordered that you shall be credited on these sentences as just pronounced by this Court with the time you have already served under the prior invalid sentences made on March 25th, 1964, including the new effective date of your sentence, and including the time in which you were released to the Maricopa County Sheriff to be brought before this court for sentencing. \* \* \*."

The court also stated:

" * * * Let there be no misunderstanding, it is the intention of the Court that he receive credit for any good time that he received. Therefore, the prior order of this Court that he be given credit for time served shall be amended to include time already served, including good time."

We are not concerned with the judgments of guilt in this case, as no appeal was taken from said judgments of guilt and said judgments were further reviewed by this court in Gantt v. Eyman, supra. As to the two sentences in Cause No. 43666, they were disposed of by State v. Gantt, 108 Ariz. 92, 492 P.2d 1199 (1972).

Defendant raises the questions of double jeopardy, double punishment in violation of § 13–1641 A.R.S., and the propriety of the plea. These matters have been adequately discussed and disposed of in State v. Gantt, supra.

The trial court in resentencing defendant pursuant to the directions of the Federal Court has given the defendant the relief he requested. At the resentencing he had the benefit of counsel. He was resentenced in conformity with Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). He has, in fact, received a lesser sentence upon resentencing than he received before.

The sentences in each of the three counts of Cause No. 43546 are affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.