581 P.2d 713

The STATE of Arizona, Appellee,

v.

Frank J. JONES, Appellant.

No. 1 CA–CR 2964.

Court of Appeals of Arizona,
Division 1,
Department B.

July 5, 1978.

John A. LaSota, Jr., Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Derickson, Kemper & Henze, James Hamilton Kemper, Phoenix, for appellant.

## OPINION

OGG, Judge.

By information filed January 18, 1977, appellant/defendant Frank Jones, was accused of robbery, ARS §§ 13–641 and 13–643. The case went to trial before a twelve-member jury, which returned a guilty verdict to the lesser included offense of grand theft. Following his conviction, defendant was tried and convicted on two prior out-of-state felony convictions, allegations of which had been added to the information. Defendant was sentenced to a term of 12 to 15 years in prison and this appeal followed. The sole issue on appeal relates to the propriety of the procedures followed in amending the information to add the allegations of the two prior felony convictions.

After the information was filed on January 18, 1977, the state filed two motions to add allegations of prior convictions as an addendum to the information. Each motion asked for a hearing to add the allegations. The first allegation related to a Federal felony conviction in Wisconsin for the crime of entering a bank with the intent to commit a felony and the second motion alleged a state conviction in Michigan for robbery.

Following the filing of these motions, there was no further action taken on them and no hearing was held prior to trial. Defense counsel, the prosecutor and the court, however, believed that some action had already been taken on the motions. There was some pre-trial discussion of the priors after a motion was made to limit their use by the state for impeachment in which the prior convictions were discussed as if they had already been added to the information.

At some point following the pre-trial motions and the conclusion of the opening statement of the prosecutor, it was apparently realized that no action had been taken on the motions. Counsel were given an opportunity to read case law and the motions were discussed and granted on the second day of trial following the resting of the state's case. At that time defendant was arraigned on the prior convictions.

Defendant's argument is that since the court waited until well after the trial had commenced to allow the allegations of prior convictions, it had no authority to consider them in sentencing and to give defendant an enhanced punishment under ARS § 13–1649. Defendant particularly relies upon the provisions of ARS § 13–1649(C):

The court in its discretion may allow the allegation of a prior conviction at any time prior to trial, provided that when the allegation is filed, the state must make available to the defendant a copy of any material or information obtained concerning the prior conviction.

Defendant's argument is that the court should have exercised its discretion to allow the allegation of the prior conviction before trial, as stated in the statute, rather than during trial.

The provisions of ARS § 13–1649(C) cannot be read alone. 17 ARS Rules of Criminal Procedure, rule 13.5, provides:

The prosecutor may amend an indictment, information or complaint to add an allegation of one or more prior convictions within the time limits of Rule 16.-1(b).

Rule 16.1(b) states:

All motions shall be made no later than 20 days prior to the date set for trial. Lack of jurisdiction may be raised at any time.

An omnibus hearing will be held only if affirmatively requested in writing by either or both parties within 30 days of the date of arraignment in the Superior Court. The omnibus hearing shall be set at the earliest convenient date following the filing of the request but no later than 20 days prior to the trial date.

We note that rule 13.5(a) does not say that a prosecutor may *move* to amend an indictment, information or complaint, but states that a prosecutor *may amend* an indictment, information or complaint within the time limits of rule 16.1(b). In *State v. Birdsall*, 116 Ariz. 112, 114, 568 P.2d 419, 421 (1977), the Supreme Court of Arizona considered an allegation of a prior conviction as an addendum to an indictment. They said:

During the time period set forth in the rule, [Rule 16.1(b)] the filing of the allegation of prior conviction is solely within the discretion of the prosecutor. Thereafter, when an allegation of prior conviction is filed, the court may exercise its discretion as set forth in A.R.S. § 13–1649(C).

A consideration of rule 13.5(a) and the holding of *State v. Birdsall* leads us to the conclusion that if a prosecutor files an allegation of a prior conviction as an addendum to an information within the time limits of rule 16.1(b), no later than 20 days before trial, the court has no discretion in the matter. The decision to amend the information is within the sole discretion of the prosecutor. The motions to add allegations of prior convictions were made on February 18, 1977, long before trial began on August 10, 1977. It is only when the prosecutor fails to abide by the time limits of rule 16.1(b) that the trial court has any discretion in whether to allow the priors to be added to the information. Since the filing of the allegations of the priors was made within the time period set forth in the rule, they were properly considered in enhancing the punishment imposed upon defendant.

It should be noted that there is no prejudice accruing to defendant from our ruling. The motions to add allegations of prior convictions were sent to him. There are also

several notes from the prosecutor to defendant and his attorney referring to the prior convictions and their use to enhance punishment. All parties concerned during the consideration of pre-trial motions to limit the use of the prior convictions for impeachment purposes, including defense counsel, assumed the prior convictions had already been added to the information. Under these circumstances, there could be no possible prejudice to defendant flowing from the court's consideration of the priors in imposing punishment.

Affirmed.

EUBANK, P. J., and JACOBSON, J., concur.