584 P.2d 67

**STATE of Arizona, Appellee,**

v.

**William Charles BINFORD, Appellant.**

**No. 1 CA–CR 2966.**

Court of Appeals of Arizona,
Division 1,
Department C.

July 25, 1978.

Rehearing Denied Aug. 25, 1978.

Review Denied Sept. 19, 1978.

Bruce E. Babbitt, Former Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

## OPINION

SCHROEDER, Judge.

Appellant, William Charles Binford, following a jury trial, was convicted of second degree burglary and grand theft. He was sentenced to concurrent prison terms of three to five years on the burglary and three to seven years on the grand theft charge. Appellant's major contention on appeal is that these convictions are defective because he was constitutionally entitled to a jury consisting of twelve, as opposed to eight, members.

Article 2, § 23 of the Arizona Constitution as well as its statutory counterpart A.R.S. § 21–102(A) provide that juries shall consist of twelve members in criminal trials in which a sentence of death or imprisonment for 30 years or more "is authorized by law."

Under the information originally filed, a sentence of 30 years or more was not authorized. However, more than twenty days prior to trial, the State moved to amend the appellant's information in order to add an allegation of a prior conviction. The authorized potential maximum for the crimes charged with a prior conviction was more than 30 years. At the omnibus hearing, the trial judge, with the consent of counsel, took the motion under advisement for consideration after the State had presented its case in chief.

When the trial commenced, a jury of eight was empaneled. On the second day of trial, but prior to the conclusion of the State's case in chief, a discussion was held in chambers. The transcript shows that this discussion concerned whether the prior conviction, which was fourteen years old, could be used for impeachment purposes if the appellant took the stand. The transcript further shows that the trial court eventually ruled that the conviction could be used for impeachment purposes. The discussion in chambers reflects that neither counsel nor the court considered amendment of the information to allege a prior conviction as a question to be resolved at that time. During the remainder of the trial, there was no further reference to amending the information and after appellant's conviction, appellant was sentenced as if the information had not been amended. Counsel for the State never pursued any arraignment or proof of the prior conviction for enhancement purposes. At all times during the trial and sentencing, both parties and the court treated the case as one in which a prior conviction had not been alleged.

On appeal, however, appellant contends that the information was amended and that he, therefore, should have been tried by a jury of twelve rather than eight.

The basis for appellant's position that there was an amendment to the information is a minute order entered after the in-chambers discussion described above. That minute order provided as follows:

"IN CHAMBERS: State's counsel is present. Defense counsel is present. Court reporter: Donna Dailey.

State's counsel requests ruling on allegation of prior conviction.

IT IS ORDERED sustaining admission of allegation of prior conviction."

It is not disputed that if appellant was tried on the basis of an amended information, appellant became subject to a possible sentence of more than 30 years and under our constitution and statute, was entitled to a jury of twelve. *State v. Madison*, 114 Ariz. 221, 560 P.2d 405 (1977); *cf. State v. Parker*, 22 Ariz.App. 111, 524 P.2d 506 (1974). The State does not argue there was a waiver, which would require knowledge on the part of appellant of the right intentionally relinquished, *see State v. Lockett*, 107 Ariz. 598, 491 P.2d 452 (1971), and we find none.

The question which appellant asks us to determine is whether the language of the minute order alone effectuated an amendment to the information in the absence of any other indication in the record that the information was amended.

■ It is true that verity is attributed to minutes, which are said to "speak for themselves," *e. g., State v. Lindsay*, 5 Ariz. App. 516, 428 P.2d 691 (1967); *State v. Claytor*, 3 Ariz.App. 226, 413 P.2d 285 (1966); *State v. Anders*, 1 Ariz.App. 181, 400 P.2d 852 (1965). Minute entries are, of course, like other writings, subject to construction, and our Court has held that, except in the case of ambiguity, minutes should not be amplified or explained by other portions of the record. *State v. Anders*, 1 Ariz.App. at 184, 400 P.2d at 855.

In this case the minute entry is capable of being interpreted in two ways. The use of the term "sustaining admission" in the last line of the quoted minute entry supports the State's contention that the minute entry referred to the admission of the conviction for impeachment purposes. On the other hand, the reference to "allegation of prior conviction" in the next to the last line suggests that the ruling referred to amending the information by alleging a prior conviction. However, the minute order makes no express reference to the information. Under these circumstances, the minute order must be viewed as ambiguous. Other portions of the record, including the transcript and the actual sentence imposed, must be used for guidance in understanding the minute order. Those portions of the record show that the defendant was, in fact, tried and convicted as a first offender, and thus was not entitled to a jury of twelve.

■ From the record in this case, it is apparent that both parties and the court were operating on the assumption that the trial court could in its discretion have refused to permit the amendment of the information to allege a prior conviction. One day after the jury returned its verdict in this case, our Supreme Court in *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977), held that there was no such discretion with respect to amendments timely filed in accordance with Rule 16.1 of the Arizona Rules of Criminal Procedure. If a prosecutor files an allegation of a prior conviction as an amendment to an information, then as we stated in *State v. Jones*, 581 P.2d 713 (Ct.App.Ariz., filed July 5, 1978), "the court has no discretion in the matter. The decision to amend the information is within the sole discretion of the prosecutor." *Id.* at 714. *See also State v. Deddens*, 579 P.2d 1126 (Ct.App.Ariz., filed May 31, 1978).

■ In this case, the prosecutor, in effect, abandoned the amendment. The State permitted a jury of eight to be empaneled in the first place and then made no reference either to the amendment or to the use of a prior conviction for enhancement purposes. This appellant was not subjected to the possibility of enhanced punishment. Appellant was not denied any constitutional or statutory right to a jury of twelve; and reversal of this case on the ground of an

improperly constituted jury is not warranted.

Appellant's next contention is that the court improperly permitted testimony which insinuated that the defendant was guilty of other robberies in the neighborhood. Appellant correctly points out that evidence of prior bad acts would be inadmissible unless probative of matters relating to this crime, such as identification. *State v. Mitchell*, 112 Ariz. 592, 545 P.2d 49 (1976); *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974), *cert. denied*, 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975). The jury should not be permitted to infer guilt of this crime from prior suspicious conduct. *State v. Marahrens*, 114 Ariz. 304, 560 P.2d 1211 (1977).

We do not agree with appellant that the evidence of which he complains denied him a fair trial by insinuating that he had been guilty of other criminal conduct. Appellant objects to testimony presented by three different witnesses. The first, Michele Funk, lived in the neighborhood where this robbery occurred. The thrust of her testimony was that she had seen appellant's car parked near the site of the robbery at the time it was occurring, and that she recognized the car as the same one she had seen parked in a nearby alley the day before the robbery. She further testified that she identified the appellant as the occupant of the car the preceding day. Although appellant objected to testimony relating to the presence of the vehicle on the day before this robbery, the witness did not testify that any criminal activity had taken place on that day. Since the appellant was actually apprehended shortly after this robbery while driving the vehicle, identification of the vehicle was probative evidence linking the appellant to the scene of the crime.

Appellant also finds objectionable the testimony of two other witnesses that there had been prior robberies in the neighborhood. Nothing in that testimony suggested directly or indirectly that appellant was involved in any of those robberies.

One of the witnesses was a locksmith, and the testimony in essence simply explained that his presence in the neighborhood stemmed from residents' concern about robberies. We find no error.

Appellant next contends that certain photographs taken at the scene of the crime should not have been admitted into evidence because the State failed to furnish them during discovery in response to defense counsel's request for all photographs to be used at trial. The photographs in question were introduced in order to show how a screwdriver found in appellant's car could have caused the marks around the doorjamb which had been identified as the point of entry of the burglary. Appellant claims that he was seriously prejudiced in that because of the lack of discovery, he did not have an opportunity to probe the manner in which the photographs were taken. Appellant's position is without merit in this case, because his counsel was present at the time that the photographs were taken. In fact, one of the photographs was taken at appellant's counsel's express direction. We find no prejudice. Also without merit is appellant's claim that the photographs were taken in violation of Rule 15.2(a)(4) of the Arizona Rules of Criminal Procedure which provides that a defendant may not be required to pose for photographs reenacting the crime. No posing of the defendant was sought or required in this case.

Finally, also in connection with discovery, appellant contends that the trial court erroneously permitted testimony by three rebuttal witnesses who had not been disclosed prior to trial. The record shows, however, that the witnesses were called to rebut certain testimony of the appellant which was the product of his last minute decision to take the stand. The State made the witnesses available to the defense for interview at the earliest practical moment. The trial court did not err in permitting these witnesses to testify.

Affirmed.

DONOFRIO and WREN, JJ., concur.