NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

STEVEN WAYNE HEYDORN, *Appellant*.

No. 1 CA-CR 21-0223
FILED 5-9-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR201901319
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Kenneth S. Countryman, PC, Tempe
By Kenneth S. Countryman
*Counsel for Appellant*

Steven Wayne Heydorn, Safford
*Appellant*

---

**MEMORANDUM DECISION**

---

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**P A T O N**, Judge:

¶1        Steven Wayne Heydorn appeals his conviction for aggravated harassment pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Heydorn's counsel filed a revised opening brief per this Court's order, stating that he searched the record and found no arguable, non-frivolous question of law.  *See Anders*, 386 U.S. at 744.  Heydorn filed a pro per supplemental opening brief, alleging (1) error in various proceedings prior to this conviction, (2) error in jury selection, and (3) ineffective assistance of trial counsel.  He subsequently filed a letter with this court alleging ineffective assistance of appellate counsel.

¶2        We review the record in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Heydorn.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).  After reviewing the record, we find no reversible error and reject the arguments Heydorn raised through his supplemental opening brief.  We affirm.

### FACTS AND PROCEDURAL HISTORY

¶3        In May 2019, Heydorn's neighbor obtained an injunction against Heydorn, which prevented Heydorn from contacting him.  The injunction was effective until May 2020.

¶4        In September 2019, while on his front porch, the neighbor observed Heydorn making sexual gestures and comments towards him.  The neighbor left his front porch and called the police.

¶5        As he waited for the police to arrive, the neighbor worked near his front yard with a weed eater.  To avoid scattering debris, the neighbor testified that he kept his weed eater on a low speed and pointed it away from the street.  Heydorn's mother and roommate testified, however, that the neighbor's weed eater propelled gravel towards Heydorn's house.  Heydorn's mother also testified that gravel came close to hitting her mother's vintage Cadillac.

**¶6**　　　　In response, Heydorn retrieved his own weed eater and used it to direct gravel across the street towards the neighbor.  The neighbor testified that Heydorn continuously propelled gravel towards his house for approximately fifteen minutes.

**¶7**　　　　A jury convicted Heydorn of aggravated harassment.  The State proved seven prior felony convictions, and the court sentenced Heydorn to an aggravated term of six years in prison with credit for 121 days served.

**¶8**　　　　Heydorn timely appealed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶9**　　　　We have reviewed and considered the briefs and searched the entire record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues to appeal).  We find none.  The record contains sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Heydorn was guilty of aggravated harassment, including that Heydorn made sexual gestures and comments towards the neighbor before using a weed eater to propel gravel towards the neighbor's house.

**¶10**　　　　The record also reflects that (1) all proceedings complied with the Arizona Rules of Criminal Procedure, (2) Heydorn was represented by counsel at all stages of the proceeding, and (3) Heydorn was present at all critical stages.  *State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1997) (right to be present at critical stages).

**¶11**　　　　In his supplemental brief, Heydorn contends that the justice court's improper grant of the injunction was error which led to this conviction.  This court, however, only reviews the matters that appear in the record before it.  *See State v. Lindsay*, 5 Ariz. App. 516, 518 (1967).  Because the underlying facts of previous proceedings are not presently before this court, we will not consider them.

**¶12**　　　　Heydorn next argues that the superior court erred in its jury selection procedure because Heydorn expected the process to take much longer than it did.  The record, however, demonstrates the jury was properly comprised of ten jurors, and shows no evidence of juror bias or misconduct.  *See* A.R.S. § 21-102(B).  Accordingly, we find no error in jury selection here.

¶13        Finally, Heydorn makes various claims regarding the unsatisfactory performance of his trial counsel.  We construe these arguments as a claim for ineffective assistance of counsel, which must be brought through Arizona Rule of Criminal Procedure "Rule" 32.1(a) proceedings.  *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).  We therefore decline to address Heydorn's arguments for ineffective assistance of trial counsel in this proceeding.

¶14        In the letter he sent to this court after briefing was complete, Heydorn raised concerns about his appellate counsel.  Although his counsel initially erred by submitting an opening brief for a different case, we find that counsel's revised brief is *Anders*-compliant.  To the extent that Heydorn is seeking to bring an ineffective assistance of appellate counsel claim, he must do so in a Rule 32 proceeding.  *See Spreitz*, 202 Ariz. at 3, ¶ 9.  To the extent Heydorn's letter seeks further relief, we deny it.

## CONCLUSION

¶15        We affirm Heydorn's conviction and sentence.  *See Leon*, 104 Ariz. at 300–01.  Upon the filing of this decision, defense counsel is directed to inform Heydorn of the status of his appeal and his future options. Defense counsel has no further obligations, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 583, 584–85 (1984). Heydorn will have thirty days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA